IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| TRAVIS CUMMINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 619-095 |
| ) | |
| COMMISSIONER TIMOTHY C. WARD ) | |
| and WARDEN TERRENCE KILPATRICK, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Smith State Prison in Glennville, Georgia, was one of five prisoners who attempted to join in bringing one lawsuit against Defendants Ward and Kilpatrick. See Jackson v. Ward, CV 619-085 (S.D. Ga. Sept. 24, 2019). Chief United States District Judge J. Randal Hall dismissed that improperly filed lawsuit without prejudice and directed the Clerk of Court to file five separate lawsuits and directed each Plaintiff must submit their own motion to proceed *in forma pauperis* ("IFP") within fourteen days of the Clerk opening a new lawsuit in each prisoner plaintiff's name. Id. doc. no. 8. The Clerk of Court opened the above-captioned case on October 23, 2019, sent Plaintiff the requisite IFP forms, and informed Plaintiff of the fourteen-day deadline for returning the papers. (Doc. nos. 1, 3.) The time to respond has passed, and Plaintiff has not submitted an IFP motion or otherwise paid the filing fee. Nor has he provided the Court with any explanation why he has not complied.

**I.     DISCUSSION**

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an IFP motion, pay the filing fee, or even to provide the Court with an explanation for his failure to comply with Judge Hall's Order and return the papers provided by the Clerk of Court amounts not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Local Rules.  The Clerk's notice cautioned Plaintiff that a failure to respond could result in a recommendation for dismissal.  (See doc. no. 3.)  Furthermore, because Plaintiff initially

2

tried to proceed IFP in CV 619-085 and never submitted a filing fee in this case, the Court finds that the imposition of monetary sanctions is not a feasible sanction. In sum, the time to respond has passed, and Plaintiff has not paid the filing fee or submitted an IFP motion as required by Judge Hall's Order. Therefore, Plaintiff's case should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of November, 2019, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA